UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 6:08-CR-133-GFVT-HAI-2 |
| DARYL JERVIS, | ) ) | RECOMMENDED DISPOSITION |
| Defendant. | ) ) ) ) | |

*** *** *** ***

The Court, on referral (D.E. 141), considers reported violations of supervised release conditions by Defendant Daryl Jervis. This District entered a judgment against Defendant in August of 2009 for Conspiracy to Distribute Cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a), § 846, and § 851. (D.E. 106). Defendant was sentenced to forty-six (46) months of imprisonment followed by six (6) years of supervised release. Defendant began his supervised release term on September 19, 2011.

On April 2, 2012, the United States Probation Office (USPO) issued a Supervised Release Violation Report, and secured a warrant from the District Judge. The Report charges Defendant with four distinct, Grade C Violations of supervised release conditions. First, the Report charges that Defendant violated the Condition of Release prohibiting the commission of another federal, state, or local crime when, on December 27, 2011, Defendant was arrested and charged by the Lexington, Kentucky Police Department with Alcohol Intoxication in a Public Place. Per the Report, on January 24, 2012, Defendant was convicted and sentenced to time already served. Second, the Report charges that Defendant violated Special Condition #2 – "The

defendant shall abstain from the use of alcohol" – on four (4) separate occasions (December 27, 2011, February 10, 2012, March 16, 2012, and March 22, 2012). Third, the Report charges that Defendant violated the Condition of Release prohibiting the commission of another federal, state, or local crime when, on March 22, 2012, Defendant was arrested and charged by the Lexington, Kentucky Police Department with Alcohol Intoxication in a Public Place. Per the Report, this charge was still pending as of April 2, 2012, and Defendant was scheduled to appear in court on April 9, 2012. Fourth, the Report charges that Defendant violated Standard Condition #11 – "The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer" – when he failed to notify the USPO about his March 22, 2012 arrest.

The Court conducted an initial appearance pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure on May 14, 2012, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. (D.E. 139). At the initial appearance, the United States made an oral motion for interim detention, to which Defendant did not object. *See id.* The Court therefore found that Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *See id.*

At the final hearing on May 21, 2012, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. Defendant competently entered a knowing, voluntary, and intelligent stipulation to all charged violations as set forth in the Supervised Release Violation Report. Further, for purposes of Rule 32.1 proceedings, Defendant admitted the factual bases for the violations as described in the Report. The United States thus established four violations of supervised release conditions under the standard of § 3583(e).

The parties presented an agreement, which is not binding on the Court. The parties agreed to revocation, and recommended that the Court impose a term of imprisonment of eighteen (18) months with no re-imposed term of supervised release. This term of imprisonment exceeds the range provided for in Chapter Seven of the United States Sentencing Guidelines, and the parties acknowledge that the heightened term reflects the concerns caused by so many violations having been committed so swiftly.

The Court has evaluated the entire record, including the Supervised Release Violation Report and its accompanying documents, as well as the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the § 3553 factors imported into the § 3583(e) analysis. Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's conviction for conspiracy to distribute cocaine constitutes a Class B felony. *See* 21 U.S.C. § 841(b); 18 U.S.C. § 3559. For a Class B felony, the maximum revocation sentence provided under § 3583 is three years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x. 436, 438-439 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under § 7B1.1, Defendant's admitted conduct would qualify as multiple Grade C violations. Given Defendant's criminal history category of V (the category at the time

of the conviction in this District) and the Grade C violations, Defendant's range, under the Revocation Table of Chapter 7, is 7-13 months.

A court also may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* § 3583(b). Here, because there was no original maximum supervised release term, *see* 21 U.S.C. § 841(b)(1)(C) (providing for a maximum term for supervised release of life for the underlying offense), there is no maximum term following revocation, but technically credit is to be given for any term of imprisonment imposed. *See* 18 U.S.C. § 3583(h).

The Court has carefully weighed the nature and circumstances of the offense and Defendant's particular history and characteristics. Notably, Defendant's criminal history spans thirty years, causing the Court significant concern with public protection and deterrence of criminal conduct. Defendant also has a lengthy history of alcohol-related offenses and problems, coupled with continued denial that he suffers from alcoholism. Finally, Defendant also has demonstrated a long-standing pattern of probation violations, with the instant violations occurring close together and beginning after only three months of supervision. In sum, Defendant's past and present conduct show a disregard for Court orders, a lack of concern for his own well-being and that of the public, and an inability or unwillingness to curb criminal behavior despite multiple arrests.

As previously noted by the Court, the Guidelines suggest that the *primary* wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Here, Defendant has breached the trust of the Court and the public. On multiple occasions, Defendant ignored a special condition of release – a command to abstain from the use of alcohol – that was designed to help him succeed on supervision. Even after his first post-release arrest for public intoxication, Defendant did not curb his behavior; thus, Defendant was again arrested less than three months after the December 27 arrest on an alcohol-related charge. The Court believes that supervision and treatment could benefit Defendant, but Defendant has proven himself to be a poor candidate for supervised release, and the USPO's limited resources must be invested in persons willing to benefit from supervision.

In sum, the Court finds that Defendant committed four violations of supervised release conditions and must be revoked. The Court also finds that Defendant is a poor candidate for re-imposed supervision following a period of incarceration on these violations. Therefore, the Court finds that the parties' recommended term of incarceration of eighteen (18) months with no re-imposed term of supervised release is sufficient but not greater than necessary to address Defendant's violations.

The Court **RECOMMENDS**, based on the violation found:

1. Revocation and incarceration for a term of eighteen (18) months, with Defendant to receive access to suitable substance abuse treatment, if reasonably available and if sought by Defendant, during custody.

2.  No additional term of re-imposed supervised release is warranted for this Defendant.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 25th day of May, 2012.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge